United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 06-10477
Summary Calendar

---

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CORNELIO BANDA

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:05-CR-40-2
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Cornelio Banda appeals his sentence following his conviction for conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine and possession with intent to distribute less than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. He argues that the district court erroneously calculated the drug quantity attributable to him when determining his guideline range.

We review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006). The district court's calculation of drug quantity is a factual finding that is entitled to considerable deference and is reviewed for clear error. United States v. Betancourt, 422 F.3d 240, 246 (5th Cir. 2005). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." Id. (internal quotation and citation omitted).

Testimony at trial showed that Banda was involved in numerous drug transactions as both a supplier and receiver of methamphetamine. For example, Banda supplied drugs to Michael Fletcher weekly from March 2004 to June 2004 in varying amounts. Banda concedes that a conservative estimate of one ounce per week would equate to one pound of methamphetamine. He also supplied drugs to Fletcher on four or five subsequent occasions in amounts of one to two ounces. Banda was connected to at least two other transactions involving pound quantities, was involved in multiple transactions of lesser amounts, and engaged in bartering his dogs for drugs. The district court is permitted to make reasonable estimates of drug quantities and may make reasonable inferences from the facts. Betancourt, 422 F.3d at 246. In light of this and the wide latitude afforded the district court's findings, the district court's conclusion that Banda was involved with at least 1.5 kilograms of methamphetamine was not clearly erroneous based on the record as a whole. See id.

Banda also argues that the district court's determination of facts relevant to determining the guideline range violates his Sixth Amendment rights and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Banda correctly concedes that this argument is foreclosed.  <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 518-19 (5th Cir. 2005).

AFFIRMED.